Read, J.
It is contended on the part of the plaintiffs’ counsel, that the defendants derive no title by the purchase at judicial sale, because the decree under which the sale was had was void, for want of jurisdiction in,the Court pronouncing it:
First: Because the respondents were nonresidents, and the demand personal.
Second: That if the subject matter of the suit lay within the jurisdiction of the Court, the requisite notice by publication was not given to make respondents parties.
Third: That the description of the land in the bill was too vague to constitute it a suit concerning lands, contemplated and authorized by the statute.
The distinction between void and voidable judgments and decrees, is assuming, in the State of Ohio, a very high importance, as affecting titles to lands derived through judicial sales. If the judgment or decree is void, the land itself sold to satisfy it may be recovered back; and such proceeding may be impeached collaterally. The result or consequence, in such case, is precisely as though no such judgment or decree had ever been rendered or pronounced. If the judgment or decree be not void, but simply erroneous, subject to reversal upon writ of error or review, the consequences are wholly different. They must be impeached directly, and cannot be questioned collaterally ; and when reversed; the defendant shall have restitution in money against the plaintiff, and purchasers hold the land or property acquired by the sale had under such judgment or decree, undisturbed.
Such, in many instances, has been the rapid and great rise in the value of property in Ohio, from the springing up of towns, and other causes, that property which a few years ago was sold, even at its full value, to satisfy a small debt, would now, if it could be recovered back, constitute a large fortune. The greatest possible efforts will therefore be made to recover the land itself, when the mere reversal of the judgment or decree, and a moneyed restitution, would be scarcely worth the contest. Hence it is not surprising that able and experienced *465 counsel should, in such cases, put forward the most ingenious and subtle arguments, to show that every defect looks directly to the jurisdiction of the Court. We shall adhere to those salutary and long established principles, which have been adopted from right and necessity, to give confidence to the judicial action of the country, and protect those who have made purchases upon the faith of judicial sales.
It is admitted, that if the Court had jurisdiction and authority to pronounce the decree under which defendants derive title, the plaintiff must fail.
It is said, in this case, that the demand was simply personal, and that without service upon the respondents, who reside in another State, the decree was pronounced against them. If this were so, the objection to the jurisdiction would have been well taken ; but the fact that the decree was for money only, does not establish that fact. The Court pronouncing this decree was a Court of general jurisdiction, and it is not disputed but that it had jurisdiction over cases of this sort.
The bill upon which the decree was pronounced, set up that complainant and respondents had entered into a contract with each other to build a mill, some to furnish money, and some to contribute labor, for which a compensation was to be estimated in money; and that, finally, on acquiring title to the land, which was, at the time of the contract, in the government, the complainant was to have a certain portion of it; that respondents obtained the title, and refused, in any sense, to comply with the contract; and the complainant sought relief by a specific execution of the contract, and by an account for money more than his share expended, and for improvements put upon the land.
Now, the contract set up in the bill is mixed' — a contract for title to real estate, dependent upon the payment of money and the performance of labor, connected with the land and the contemplated improvements. Before the Court could decree a conveyance of the land, it would be necessary to determine whether the complainant had complied with his agreement. *466 The contract- was an ■ entire thing. So .far as the;.title-to the real estate was concerned, as thé land was within -the' jurisdicti'oii of the Court, it is admitted that that was the' place where • the suit should have been commenced.1 It is ;not contended ■' that the complainant could, enforce- that contract, specifically, 'elsewhere! - - ,■
It is not disputed but the Court had jurisdiction ovér contracts affecting realty. .'This power-is'expressly' conferred by the T2th section of the act of 1824. • • . . ' ■
.’ The Court,- then, had' a case before them, as presented by the, bill,'over which'they hád jurisdiction,’and were competent to decree. - But what -is the error' complained o'f?- . That the. Court, thus- having . ai.proper cáse before them, pronounced a wrong decree; thát’ the Court should have decreed a conveyanee of the land; that- the money and services, expended and performed by the complainant, .should’have been treated’ as payment, by.him,'For the land. But the-.Court, insteád'of this, •simply decreed him a compensation in money. ‘It is contended that the Court had no jurisdiction to do this. If it was wrong, what is i.t more than error ? It is-.the case of a: Court pronouncing a wrong judgment or decree, in a case properly before it. This, on that hypothesis, is precisely a case for a bill of review.; such error does n.ot go to the jurisdiction , of the Court. '
In this view of the case, then,-there is no lack of jurisdiction in'the Court.-'
But it.is said the Court had no jurisdiction, because there Was, not sufficient notice to respondent's of the pendency of the suit, by publication., ‘
The-objection-taken, is not'that no notice was published, but. that-the 'notice published vvas not full-enough. •
It is claimed that -the statute required notice to be given-, by' publication, of -the pendency of the bill,- and of the substance and the prayet thereof. . ' '" ■,
The notice actually given, was,' that a bill m chancery was pending, and a- prayer for a decree. ■ The Court had directed the notice, in pursuance of the'7th and-12th sections of the act of 1824. The Court regarded-this, publication as a compliance *467 '■ with the order made under the statute. The publication made was in the'common of usual form adopted at that day, or, at least, in a form quite common. l-
Now, if there had. been' no notice at all, the objection would have been well taken. But as there'.was notice, adjudged to he sufficient,- by the Court ordering it, we will not disturb it collaterally. .,
The description of the .land, in the bill, -is' not véry certain, but. the bill seeks tp reach land- under a contract, and this ..is . sufficient to" bring the case within the statute. ■ The'fact that a bill, seeking..to. enforce.a-contract concerning land, dpes not ■■ describe very' definitely-the.-land embraced, does not go to the jurisdiction of the Court. --'We find no error which would authorise us to disturb-’the judgment. . .

Judgment Affirmed: